```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                  EASTERN DIVISION
```

**SHAREE S. ZAND,**

       **Plaintiff,**

     vs.                                   Civil Action 2:14-cv-605
                                               Judge Watson
                                               Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits. This matter is now before the Court on *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 14, and the Commissioner's *Opposition to Plaintiff's Statement of Errors* ("*Commissioner's Response*"), Doc. No. 20.

**I.**    **Background**

Plaintiff Sharee S. Zand filed her application for benefits on April 26, 2010, alleging that she has been disabled since January 21, 2010. *PAGEID* 78, 161-68. The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on January 15, 2013, at which

plaintiff, represented by counsel, appeared and testified, as did John R. Finch, Ph.D., who testified as a vocational expert. *PAGEID* 78, 114. In a decision dated January 30, 2013, the administrative law judge concluded that plaintiff was not disabled from January 21, 2010, through the date of the administrative decision. *PAGEID* 78-86. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on April 24, 2014. *PAGEID* 50-52.

Plaintiff was 59 years of age on the date of the administrative decision. *See PAGEID* 86, 161. Plaintiff is insured for disability insurance purposes through June 30, 2015. *PAGEID* 80. Plaintiff has past relevant work as an administrative assistant, concierge, sales manager, and retail sales person. *PAGEID* 85. She has not engaged in substantial gainful activity since January 21, 2010, her alleged disability onset date. *PAGEID* 80.

**II. Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of degenerative disc disease of the spine, scoliosis, osteopenia of the spine, status post spinal fusion with rod placement, and osteoporosis. *Id*. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) except the claimant is capable of lifting, carrying, pushing, and

2

>     pulling 20 pounds occasionally and ten pounds frequently. She is capable of sitting, standing, and walking for six hours out of an eight-hour workday. She could occasionally climb ladders, ropes, and scaffolds. She would be precluded from concentrated exposure to moving machinery and unprotected heights.

*PAGEID* 81. Relying on the testimony of the vocational expert, the administrative law judge found that this RFC does not preclude the performance of plaintiff's past relevant work as an administrative assistant, concierge, sales manager, and retail person. *PAGEID* 85. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from January 21, 2010, through the date of the administrative decision. *PAGEID* 85-86.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of*

*Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff first argues that the administrative law judge improperly evaluated the medical opinion of treating physician David B. McClure, M.D. *Statement of Errors*, pp. 8-16. Plaintiff argues that an appropriate evaluation and the proper application of the treating physician rule "should result in the assignment of controlling weight to Dr. McClure's opinion." *Id*. at p. 15. Plaintiff also argues that the administrative law judge erred when he discounted Dr. McClure's opinion because it was not based on his treatment records, was based on only one observation of plaintiff, and was generally inconsistent with the medical evidence of record and other opinion evidence. *Id*. at pp. 8-10.

The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case

4

record." 20 C.F.R. § 404.1527(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to evaluate the opinion by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)). This special treatment afforded the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

5

Dr. McClure has treated plaintiff on at least 10 occasions since March 26, 2009, for, *inter alia*, osteopenia, fibromyalgia, back pain, dysthymia, chest discomfort, and medication management. *PAGEID* 286-88 (March 26, 2009), 290 (September 29, 2009), 294 (January 15, 2010), 284-85 (July 1, 2010), 278-83 (July 13, 2010), 371 (December 17, 2010), 367-70 (April 13, 2011), 363 (November 29, 2011), 361 (June 13, 2012), 356 (September 7, 2012). Dr. McClure ordered aquatic therapy for plaintiff's back pain, *PAGEID* 300, 315, and ordered a bone density scan and referred plaintiff for an evaluation for osteoporosis. *PAGEID* 292-93, 323-27. Dr. McClure also ordered x-rays of plaintiff's back when she slipped on ice in January 2010, *PAGEID* 296-99, and x-rays of her arm and shoulder when she fell in July 2010. *PAGEID* 278-83. He ordered an EKG when plaintiff reported chest pain in September 2012. *PAGEID* 358.

Dr. McClure completed a physical residual capabilities questionnaire on January 8, 2013. *PAGEID* 375-78. Dr. McClure indicated that he had treated plaintiff for fibromyalgia, osteopenia, osteoarthritis, and insomnia, and opined that plaintiff could sit for two hours, stand for one hour, walk for one hour, and alternate sitting and standing for two hours. *PAGEID* 375. Plaintiff could occasionally lift and carry up to 20 pounds and could occasionally push or pull up to 20 pounds. *PAGEID* 375-76. According to Dr.

6

McClure, plaintiff could perform light work on a part time basis.[1] *PAGEID* 376.  Plaintiff could never bend, twist from side to side, squat and return to standing position, kneel and return to standing position, or climb ladders or scaffolding.  *PAGEID* 377.  She could occasionally reach above shoulder level bilaterally and climb stairs. *Id*.  Plaintiff had mild restrictions in driving automotive equipment and in exposure to dust, fumes, or gases; moderate restrictions in work requiring substantial outside activity in cold or rainy weather; and complete restrictions in working around unprotected heights and moving machinery.  *Id*.  Dr. McClure concluded with the following remark: "I am an internist and not an occupational medicine physician. These determinations were made solely on observation and no specific testing."  *PAGEID* 378.

> The administrative law judge evaluated Dr. McClure's opinion as follows:

> The undersigned gives little weight to the opinion of David McClure, M.D., evidenced at Exhibit 11F.  Dr. McClure opined the claimant could sit for two hours out of an eight-hour day, stand and walk for one hour out of an eight-hour day, and could alternatively sit and stand for two hours out of an eight-hour day.  The undersigned gives the opinion little weight as Dr. McClure noted his opinion was not based on any specific testing, he reported he was not an occupational physician, his reports were not based on his treatment notes, and he based his opinion on one observation of the claimant.  His opinion is generally inconsistent with the longitudinal medical evidentiary

---

[1] Light work was defined in Dr. McClure's report as "requir[ing] lifting and or carrying a maximum of 20 pounds with frequent lifting and/or carrying up to 10 pounds; requires walking and/or standing to a significant degree; or sitting most of the time with pushing and pulling or arm and/or leg controls."  PAGEID 376.

7

>record and is inconsistent with the other credible opinion evidence.

*PAGEID* 84-85.

Plaintiff argues that the administrative law judge – in finding that Dr. McClure's report was not based on his treatment notes, was not based on any specific testing, and was based on only one observation of plaintiff - misrepresented Dr. McClure's opinion. *Statement of Errors*, pp. 8-16. Plaintiff also argues that the administrative law judge failed to consider the appropriate factors and failed to explain how Dr. McClure's opinion was inconsistent with the longitudinal medical evidence. *Id*. According to plaintiff, it was error to discount Dr. McClure's opinion on the basis that it was inconsistent with the opinion of the state agency reviewing physician. *Id*. In response, the Commissioner argues that the administrative law judge "offered the requisite 'good reasons' for affording less than controlling or significant weight to the treater's opinion." *Commissioner's Response*, p. 5. According to the Commissioner, "by setting forth multiple reasons for affording 'little weight' to Dr. McClure's opinion, the ALJ went above and beyond his legal obligations." *Id*.

The administrative law judge discounted Dr. McClure's opinion because (1) "his opinion was not based on any specific testing," (2) "he reported he was not an occupational physician," (3) "his reports were not based on his treatment notes," (4) "he based his opinion on one observation of the claimant," (5) his "opinion is generally

8

inconsistent with the longitudinal medical evidentiary record," and (6) his opinion "is inconsistent with the other credible opinion evidence." *PAGEID* 84-85. The administrative law judge's first two reasons are consistent with Dr. McClure's remark that he is "not an occupational medicine physician" and that his "determinations were made solely on observation and no specific testing." *PAGEID* 378. There is no indication, however, that Dr. McClure's opinion was based on just a single observation of plaintiff or that Dr. McClure disregarded his treatment notes when offering the opinion. As noted *supra*, Dr. McClure treated plaintiff on at least 10 occasions since March 2009, for fibromyalgia, osteopenia, osteoarthritis, and insomnia. *PAGEID* 375. There is no support in the record for the administrative law judge's finding that Dr. McClure did not base his opinion on his treatment notes or that his opinion was based on just one observation of plaintiff. Moreover, the administrative law judge did not expressly recognize Dr. McClure as a treating source, nor did he explain how Dr. McClure's opinion is "inconsistent with the other substantial evidence in [the] case record," *see* 20 C.F.R. § 404.1527(c)(2), or with "the longitudinal medical evidentiary record." Rather, the administrative law judge merely summarized the medical evidence and concluded that Dr. McClure's opinion was inconsistent with that evidence.

Although the administrative law judge articulated several reasons for discounting Dr. McClure's opinion, a majority of those reasons

9

lack support in the record or are not sufficiently explained. The administrative law judge simply has not provided reasons "sufficiently specific to make clear to any subsequent reviewers" the reasons for discrediting Dr. McClure's opinion. *See Rogers*, 486 F.3d at 242. Under these circumstances, the Court is unable to conclude that the evaluation of Dr. McClure's opinion is supported by substantial evidence. The Court therefore concludes that the matter must be remanded for further consideration of Dr. McClure's opinion. Having determined that this action must be remanded on this basis, the Court need not and does not address plaintiff's remaining arguments.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further consideration of the opinions of plaintiff's treating provider.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to

*de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


April 13, 2015                              *s/Norah McCann King*
                                            Norah McCann King
                                     United States Magistrate Judge

11