```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**SHAREE S. ZAND,**

       **Plaintiff,**

  **vs.**                                    Civil Action 2:14-cv-605
                                                  Judge Watson
                                                  Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**


## REPORT AND RECOMMENDATION

This matter is before the Court on the *Motion for Attorney Fees under § 406(b)*, ECF No. 29. In that motion, plaintiff seeks a fee of $7,000.00 in connection with services rendered in the litigation before this Court. The Commissioner has filed no response to the motion.

This was an action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits. On May 19, 2015, the Court reversed the decision of the administrative law judge and remanded the matter to the Commissioner for further consideration of the opinions of plaintiff's treating provider. *Order*, ECF No. 23; *Clerk's Judgment*, ECF No. 24. On August 28, 2015, plaintiff's motion for an award of attorney fees and costs in the amount of $2,500.00 was granted pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *Order*, ECF No. 28.

On remand pursuant to this Court's judgment, the Commissioner

issued a fully favorable decision, finding that plaintiff has been disabled from January 21, 2010, through September 29, 2015, *i.e.*, the date of the administrative decision. *Important Information Letter,* ECF No. 29-1. The amount of past due benefits owed plaintiff was calculated at $58,805.80. *Id.* at PAGEID# 461. The Commissioner withheld $14,701.50 (or 25% of the past due benefits) for attorney fees. *Id.* at PAGEID# 462.

By statute, a court must award "a reasonable fee . . . not in excess of 25 per cent of the total past-due benefits." 42 U.S.C. § 406(b)(1).  A fee award should reflect the purpose of the social security program to provide a measure of economic security to the recipient, the extent and type of legal services provided, the complexity of the case, the level of skill and competence required of the attorney, the amount of time spent on the case, the results achieved, and the level at which the favorable decision was made. 20 C.F.R. §§ 404.925(b).  A fee agreement between a recipient and her counsel "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). Deductions are permissible when there is improper conduct or ineffectiveness of counsel or when counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or minimal effort expended in the matter. *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421 (6th Cir. 1990). "[A] hypothetical hourly rate that is less than twice the standard rate is *per se*

reasonable." *Id*. at 422. In the final analysis, an award must be "reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Plaintiff agreed to pay her attorney 25% of the past due benefits. *Fee Agreement*, ECF No. 29-2, PAGEID# 465. The $7,000.00 sought by her attorney by this motion amounts to 11.9% of the $58,805.80 in past due benefits. Her counsel has established that he spent 15.1 hours on the litigation. *Schedule of Time Spent on Case*, ECF No. 29-3, PAGEID# 466. The requested award therefore reflects an hourly rate of approximately $464.00 per hour. Plaintiff's counsel reduced the amount sought to take into account the two extensions of time sought by him. *Motion for Attorney Fees under § 406(b)*, PAGEID# 458. *See Gisbrecht*, 535 U.S. at 808. Plaintiff's counsel also agrees that the $2,500.00 previously awarded pursuant to the EAJA will serve as an offset against the amount sought. *Id.*

Upon consideration of all the appropriate factors, the Court concludes that the requested fee is reasonable. It is less than 25% of the past-due benefits, plaintiff has signed a contingency fee agreement, the requested fee does not reflect an unreasonable rate of compensation and it cannot be said that plaintiff's counsel was ineffective or expended minimal effort in the case.

It is therefore **RECOMMENDED** that the *Motion for Attorney Fees under § 406(b)*, ECF No. 29, be granted and that plaintiff's counsel be awarded an attorney fee pursuant to 42 U.S.C. § 406(b) in the amount

of $7,000.00, or twenty-five percent (25%) of the past due benefits, whichever is less.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


March 15, 2016                                    *s/Norah McCann King*
                                                      Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge